**Marlene GLASER, Plaintiff–Appellant,**

**v.**

**FULTON–MONTGOMERY COMMUNITY COLLEGE, Priscilla J. Bell, President of Fulton–Montgomery Community College, individually and in her**

official capacity, Varghese D. Pynadath, Dean of Liberal Arts and Science of Fulton–Montgomery Community College, individually and in his official capacity, Defendants–Appellees.

Docket No. 01–9461.

United States Court of Appeals, Second Circuit.

Oct. 29, 2002.

Mark S. Mishler, Walter, Thayer & Mishler, Albany, New York, for Appellant.

Elena DeFio Burke, Roemer Wallens & Mineaux, Albany, New York, for Appellee.

Present OAKES, STRAUB, Circuit Judges and TRAGER, Judge.*

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff Marlene Glaser ("Glaser") appeals from the District Court's Memorandum–Opinion and Order granting Defendants' motion for summary judgment in this consolidated action for unlawful employment discrimination and unlawful retaliation. In the first of Glaser's two consolidated complaints, filed on July 31, 1998, Glaser alleges unlawful gender discrimination and retaliation against Defendants Fulton–Montgomery Community College ("FMCC"), Priscilla Bell ("Bell") and Varghese Pynadath ("Pynadath"). Glaser, an associate professor of mathematics at FMCC, alleges several incidents of discrimination that took place between 1992 and 1995 relating to the hiring and promotion procedures at FMCC, as well as the conditions of Glaser's employment.* On appeal, Glaser alleges that Pynadath repeatedly failed to recommend her promotion to associate professor in 1992, 1993, 1994 and 1995. Glaser also alleges that in each of these years, her written evaluations were discriminatory because they were used as a basis to deny her requests

---

* The Honorable David. G. Trager of the United States District Court for the Eastern District of New York, sitting by designation.

* Although Glaser originally claimed that she was discriminated against when she was hired at the instructor level in 1986, Glaser concedes on appeal that this claim is time-barred.

for promotion.[**] In the second complaint, filed on February 1, 2000, Glaser alleges unlawful discrimination and retaliation against Defendants FMCC, Bell, James Ahern ("Ahern") and Robert Kusek ("Kusek"), relating to FMCC's denial of Glaser's request for promotion to full professor in 1998. All of the individually named Defendants were FMCC administrators at some point during Glaser's employment at FMCC.

In her two consolidated complaints, Glaser brings claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983 ("Section 1983"), and 20 U.S.C. § 1681 *et seq.* ("Title IX"). Glaser also claims violations of the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.* ("NYSHRL"), and Article I, section 11 of the New York State Constitution. The District Court (Lawrence E. Kahn, *Judge*) granted defendants' motion for summary judgment, finding that (1) Glaser's Title VII claims for discriminatory acts occurring before December 14, 1994 are time-barred by the EEOC filing deadline; (2) Glaser's state law, Title IX and Section 1983 claims are time-barred with respect to discriminatory acts occurring prior to July 31, 1995 under New York's three-year statute of limitations for personal injury actions; and (3) with respect to her non-time-barred claims, Glaser has not produced evidence sufficient to raise a question of fact in response to

Defendants' legitimate, non-discriminatory explanation for its employment actions. We affirm.

In a state such as New York, where there is an administrative agency authorized to investigate claims of discrimination, a Title VII claim is only actionable with respect to incidents that occur within 300 days of the filing of an administrative complaint. *See Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir. 1996). Glaser, therefore, had 300 days from the date of an alleged discriminatory incident to file a complaint with the EEOC and, thereby, preserve her right to bring a Title VII claim. Because Glaser filed her first administrative complaint on October 11, 1995, the District Court determined that Glaser's Title VII claims are time-barred with respect to incidents that occurred prior to December 14, 1994. Thus, the court found that Glaser's claims regarding the rejection of her 1992 and 1993 promotion requests and her related written evaluations are time-barred.

The District Court further found that Glaser's remaining state law, Title IX, and Section 1983 claims[***] are governed by a three-year statute of limitations. *See, e.g., Lightfoot v. Union Carbide Corp.,* 110 F.3d 898 (2d Cir.1997) (applying a three-year statute of limitations to a NYSHRL claim); *Pearl v. City of Long Beach,* 296 F.3d 76 (2d Cir.2002) (applying a three-year statute of limitations to a Section 1983 claim); *Loren v. Feerick,* 1997 WL 441939, at *5

---

[**] In the proceedings below, Glaser also challenged her 1995 course assignments with which she was dissatisfied. On appeal, Glaser makes no argument relating to this incident. We note, in any event, that the assignments were ultimately changed by Defendant Pynadath to better suit Glaser's needs.

[***] We assume for present purposes that Glaser's claims form the basis of a Title IX claim because they fail in any respect. *See Marks v. New York University,* 61 F.Supp.2d 81

(S.D.N.Y.1999) (noting that there is disagreement over whether Title IX provides a private right of action to an employee claiming employment discrimination against an educational institution receiving federal funds). We also note that a Title VII claimant cannot ordinarily bring an action under Section 1983 to vindicate her Title VII rights. *See Saulpaugh v. Monroe Cmty. Hosp.,* 4 F.3d 134, 143 (2d Cir.1993).

(S.D.N.Y.1997) (applying a three-year statute of limitations in a Title IX action). Because Glaser filed her first complaint in this action on July 31, 1998, the District Court found that claims based on events occurring prior to July 31, 1995 are time-barred. These include Glaser's claims relating to the 1992, 1993 and 1994 promotion denials and written evaluations.

On appeal, Glaser does not contest the District Court's computation of the applicable time periods. Instead, Glaser attempts to establish as timely her Title VII and Section 1983 claims relating to the 1992 and 1993 promotion denials by arguing that FMCC's repeated failure to promote her constituted a continuing violation. Glaser further argues that her written evaluations in 1992 and 1993 were related to FMCC's allegedly discriminatory failure to promote and also constituted part of the continuing violation.

Proof of a continuing violation entitles a plaintiff to bring Title VII claims for acts of discrimination even though "those acts, standing alone, would have been barred by the statute of limitations." *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998). To establish a continuing violation, there must be "both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir.1999). On the other hand, "[m]ultiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Id.* at 248. The Supreme Court recently iterated that a failure to promote is considered a discrete act, to which the continuing violation doctrine does not apply. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2073, 153 L.Ed.2d 106 (2002) ("Discrete acts such as termination,

failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' "). Consequently, the District Court correctly found that Glaser's Title VII claims concerning her 1992 and 1993 promotion denials and related written evaluations are time-barred by the EEOC filing deadline.

Glaser's remaining Title VII claims relate to (1) the denial of her request for a promotion in 1994, 1995 and 1998, and (2) written evaluations of her work in 1994, 1995 and 1998. Glaser's remaining state law, Title XI, and Section 1983 claims relate to the promotion denials in 1995 and 1998, and her 1995 and 1998 written evaluations. As to these remaining claims, the defendants proffered legitimate, non-discriminatory explanations for their actions. For example, a promotional freeze prevented FMCC from granting promotions in 1994 and 1995. During this time, the only two faculty members promoted were in their fifth year of employment at FMCC. Pursuant to an "up or out" provision in FMCC's employment contracts, faculty members in their fifth year of employment at FMCC must either be promoted to a tenured position or terminated. In 1994, Glaser had been working at FMCC for eight years. Thus, FMCC was not required to promote her in spite of the promotional freeze. In addition, Glaser requested promotion to full professor in 1998 only one year after she had been promoted to associate professor. Defendants denied her request for a promotion on the basis that the relevant time period for evaluating a promotion request is the time between the employee's last promotion and the present application. The defendants concluded that Glaser had not sufficiently progressed in the single year since she has been promoted to associate

professor to warrant a promotion to full professor.

In response to the defendants' explanations, Glaser has not proffered any evidence of discriminatory intent, nor has Glaser introduced evidence sufficient to raise an issue of fact as to whether the defendants' explanations for denying her promotion requests are false. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *see also Brown v. Henderson,* 257 F.3d 246, 252 (2d Cir.2001) ("[A]n employment discrimination plaintiff faced with a properly supported summary judgment motion must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" (*quoting Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986))).

We note that the District Court also dismissed Glaser's claims on the basis that the defendants are entitled to qualified immunity. The court gave no explanation for its conclusion. Because alternative grounds exist to affirm the court's decision, we need not express any opinion with respect to the court's qualified immunity holding. We affirm solely on the ground that Glaser has failed to raise an issue of fact with respect to her discrimination claims.

After carefully considering all of Plaintiff's contentions on appeal, we hereby AFFIRM the judgment of the District Court for substantially the reasons stated in the District Court's Memorandum–Opinion and Order of November 9, 2001.